UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2013 FEB 26  P 2:13
CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

| | |
|---|---|
| Jeffery R. Sedgwick<br>9306 Hilltop Court<br>Laurel, Maryland 20708<br><br>    Plaintiff<br><br>vs.<br><br>PEROUTKA & PEROUTKA, P.A.<br>Stephen G. Peroutka, Esq.<br>Michael A. Peroutka, Esq.<br>Sean P. Daly, Esq<br>CAPITAL ONE BANK(USA), N.A.<br><br>John Does 1 thru 5<br>    Defendant(s) | CASE NO. AW 13 CV 0611<br><br><br><br><br><br><br><br>TRIAL BY JURY DEMANDED |

## ORIGINAL COMPLAINT FOR VIOLATION OF THE FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1692k and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Jeffery R. Sedgwick, a natural person, who resides in Prince George's County, Maryland. As defined by 15 USC § 1692a(3)

4. PEROUTKA & PEROUTKA, P.A. is a Debt Collection Law Firm that specializes in debt collection is a Defendant is this lawsuit with offices at 8028 Ritchie Highway #300, Pasadena, Maryland 21122. And is a debt collector as defined by 15 USC § 1692a(6).

5. Stephen G. Peroutka, Esq., is a principal in the law firm of Peroutka & Peroutka, P.A., and is a Defendant in this law suit and is a debt collector as defined by 15 USC § 1692a(6).

6. Michael A. Peroutka, Esq., is a principal in the law firm of Peroutka & Peroutka, P.A., and Defendant in this law suit and is a debt collector as defined by 15 USC § 1692a(6).

7. Sean P. Daly, Esq., is an associate in the law firm of Peroutka & Peroutka, P.A., and is under the supervision and control of Michael A. Peroutka and Stephen G. Peroutka. He is a Defendant in this law suit and is a debt collector as defined by 15 USC § 1692a(6).

8. Does 1 thru 5 are individuals whose identities are currently unknown to Plaintiff. One or more of these individuals may be joined as parties once their identities are disclosed through discovery.

9. Capital One Bank USA, N.A. having allegedly purchased an alleged defaulted debt from HSBC Bank Nevada, N.A. is therefore a 3rd party debt collector.

## VENUE

10. The occurrences which give rise to this action occurred in Prince George's County, Maryland, and Plaintiff resides in Prince George's County, Maryland.

11. Venue is proper in the District of Maryland, Greenbelt Division.

## GENERAL ALLEGATIONS

12. On or about May 25, 2012 the Plaintiff received a Motion to Substitute Party in an action allegedly on behalf of Capital One Bank (USA), N.A. (**Case No. 2808-2006**). Stephen G. Peroutka, Michael A. Peroutka, and Sean Daly did sign said motion.

13. On May 29, 2012 Plaintiff did mail to Peroutka & Peroutka, P.A. a Notice of Dispute and Demand for Validation. Plaintiff did send said letter via certified mail, number 7011 1570 0000 4452 1277. Counsel did receive and sign for letter on May 30, 2012.

14. On or about June 12, 2012 Plaintiff did receive a Motion to Substitute Party in an action allegedly on behalf of Capital One Bank (USA), N.A. (**Case No. 39546-2005**). Stephen G. Peroutka, Michael A. Peroutka, and Sean Daly did sign said motion.

15. On June 15, 2012 Plaintiff did mail to Peroutka & Peroutka, P.A. a Notice of Dispute and Demand for Validation. Plaintiff did send letter via certified mail, number 7011 1570 0000 4452 1284. Counsel for the Defendant did receive and sign for said letter on June 18, 2012.

16. On December 14, 2012, Defendant Daly did appear before the District Court of Maryland, Prince George's County, in an active effort to have said Motion to Substitute(s) Party (**Case No. 39546-2005 & 2808-2006**) affirmed by the Court.

17. At no time did Plaintiff receive a dunning letter containing the mandatory 30 day notice to dispute and demand validation, nor the "mini-Miranda" warning required under 15 USC §§ 1692e(11), 1692g, 1692g(a)(3), 1692g(a)(4)

18. As of today's date, Defendant has failed to deliver to Plaintiff any validation of the debt as required by 15 USC § 1692g as he requested.

19. Defendant Capital One Bank(USA), N.A. allegedly purchased an alleged defaulted debt and void judgment from HSBC Bank Nevada, N.A.. Defendant Capital One Bank(USA), N.A. allegedly hired the debt collection law firm of Peroutka & Peroutka, P.A. to collect on that alleged debt. Under the doctrine of *Respondeat Superior,* Capital One Bank(USA), N.A. is therefore would be responsible for and vicariously liable as to the conduct and behavior of Peroutka & Peroutka, P.A. and its attorneys. Capital One Bank (USA), N.A. having allegedly purchased an alleged defaulted debt from HSBC Bank, N.A., is therefore a 3rd party debt collector.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692; FAILURE TO SEND THE CONSUMER A 30-DAY VALIDATION NOTICE WITHIN 5

DAYS OF INITIAL COMMUNICATION BY PEROUTKA & PEROUTKA, P.A., STEPHEN G. PEROUTKA, AND MICHAEL A. PEROUTKA, SEAN P. DALY, DOES 1 THRU 5, AND CAPITAL ONE BANK (USA), N.A. (CASE NO. 2808-2006)

20. Paragraphs 1 through 19 are re-alleged as though fully set forth herein.

21. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692e(5).

22. Defendant is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6).

23. Each and every Defendant did fail to send the Consumer a 30-day Validation Notice within 5 days of initial communication.

24. Each and every Defendant did violate 15 USC § 1692g when they failed to send a 30-day Validation Notice to the Plaintiff within 5 days of initial communication.

**WHEREFORE**, Plaintiff demands judgment against each and every Defendant individually for statutory damages of $1,000, and for actual damages as they may appear, any attorney's fees, costs, and Court costs, pursuant to 15 U.S.C. § 1692k.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692; FAILURE TO SEND THE CONSUMMER A 30-DAY VALIDATION NOTICE WITHIN 5 DAYS OF INITIAL COMMUNICATION BY PEROUTKA & PEROUTKA, P.A., STEPHEN G. PEROUTKA, AND MICHAEL A. PEROUTKA, SEAN P. DALY, DOES 1 THRU 5, AND CAPITAL ONE BANK (USA), N.A. (Case No. 39546-2005)

25. Paragraphs 1 through 24 are re-alleged as though fully set forth herein.

26. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692e(5).

27. Defendant is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6).

28. Each and every Defendant did fail to send the Consumer a 30-day Validation Notice within 5 days of initial communications.

29. Each and every Defendant did violate 15 USC § 1692g when they failed to send a 30-day Validation Notice within 5 days of initial communications.

**WHEREFORE**, Plaintiff demands judgment against each and every Defendant individually for statutory damages of $1,000, and for actual damages as they may appear, any attorney's fees, costs, and Court costs, pursuant to 15 U.S.C. § 1692k.

### COUNT III

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692; FAILURE TO CEASE COLLECTION EFFORTS UNTIL THE DEBT IS VALIDATED BY PEROUTKA & PEROUTKA, P.A., STEPHEN G. PEROUTKA, AND MICHAEL A. PEROUTKA, SEAN P. DALY, DOES 1 THRU 5, AND CAPITAL ONE BANK USA, N.A.**
**(Case No. 2808-2006)**

30. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

31. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

32. Defendants are Debt Collectors within the meaning 15 U.S.C. § 1692a(6).

33. Plaintiff Sedgwick did send a letter of dispute and demand for validation within 30-days of having received his first communication from Defendants.

34. Each and every Defendant violated 15 USC § 1692g(B) by continuing collection efforts without having first validated the debt.

**WHEREFORE**, Plaintiff demands judgment against each and every Defendant individually for statutory damages of $1,000, and for actual damages as they may appear, any attorney's fees, costs, and Court costs, pursuant to 15 U.S.C. § 1692k.

### COUNT IV

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692; FAILURE TO CEASE COLLECTION EFFORTS UNTIL THE DEBT IS VALIDATED BY PEROUTKA & PEROUTKA, P.A., STEPHEN G. PEROUTKA, AND MICHAEL A. PEROUTKA, SEAN P. DALY, DOES 1 THRU 5, AND CAPITAL ONE BANK USA, N.A. (Case No. 39546-2005)**

35. Paragraphs 1 through 34 are re-alleged as though fully set forth herein.

36. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

37. Defendants are Debt Collectors within the meaning 15 U.S.C. § 1692a(6).

38. Plaintiff Sedgwick did send a letter of dispute and demand for validation within 30-days of having received his first communication from Defendants.

39. Each and every Defendant violated 15 USC § 1692g(B) by continuing collection efforts without having first validated the debt.

**WHEREFORE**, Plaintiff demands judgment against each and every Defendant individually for statutory damages of $1,000, and for actual damages as they may appear, any attorney's fees, costs, and Court costs, pursuant to 15 U.S.C. § 1692k.

## COUNT V

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692; THREATEN TO TAKE OR TAKE ANY ACTION THAT CONNOT LEGALLY BE TAKEN OR THAT IS NOT INTENDED TO BE TAKEN BY PEROUTKA & PEROUTKA, P.A., STEPHEN G. PEROUTKA, AND MICHAEL A. PEROUTKA, SEAN P. DALY, DOES 1 THRU 5, AND CAPITAL ONE BANK USA, N.A. (Case No. 2808-2006)**

40. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

41. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

42. Defendants are Debt Collectors within the meaning 15 U.S.C. § 1692a(6).

43. Each and every Defendant did file an action into the District Court of Maryland, Prince George's in an continuing effort to collect a debt.

44. Each and every Defendant violated § 1692e(5) by filing, or causing to be filed, an action into the District Court of Maryland, Prince George's Count in a continuing effort to collect a debt, having full knowledge of the prohibition to continue collection efforts without having first validated the debt.

**WHEREFORE**, Plaintiff demands judgment against each and every Defendant individually for statutory damages of $1,000, and for actual damages as they may appear, any attorney's fees, costs, and Court costs, pursuant to 15 U.S.C. § 1692k.

### COUNT VI

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692; THREATEN TO TAKE OR TAKE ANY ACTION THAT CONNOT LEGALLY BE TAKEN OR THAT IS NOT INTENDED TO BE TAKEN BY PEROUTKA & PEROUTKA, P.A., STEPHEN G. PEROUTKA, AND MICHAEL A. PEROUTKA, SEAN P. DALY, DOES 1 THRU 5, AND CAPITAL ONE BANK USA, N.A. (Case No. 39546-2005)**

45. Paragraphs 1 through 44 are re-alleged as though fully set forth herein.

46. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

47. Defendants are Debt Collectors within the meaning 15 U.S.C. § 1692a(6).

48. Each and every Defendant did file an action into the District Court of Maryland, Prince George's in a continuing effort to collect a debt.

49. Each and every Defendant violated § 1692e(5) by filing, or causing to be filed, an action into the District Court of Maryland, Prince George's Count in an continuing effort to collect a debt, having full knowledge of the prohibition to continue collection efforts without having first validated the debt.

**WHEREFORE**, Plaintiff demands judgment against each and every Defendant individually for statutory damages of $1,000, and for actual damages as they may appear, any attorney's fees, costs, and Court costs, pursuant to 15 U.S.C. § 1692k.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted:
February 26, 2013

_____
Jeffery R. Sedgwick
9306 Hilltop Court
Laurel, Maryland 20708
301-604-2156
vze2snju@verizon.net